Brancart & Brancart, Christopher Brancart, D. Scott Chang, Pescadero, CA, for Plaintiffs.

Ronald R. Rossi, Susan R. Reischl, Liccardo, Rossi, Sturges & McNeil, San Jose, CA, Christopher B. Hanback, Joanna M. Pedas, Jackson & Campbell, Washington, DC, for Defendants.

**MIDPENINSULA CITIZENS FOR FAIR HOUSING, et al., Plaintiffs,**

v.

**ACCO MANAGEMENT CO., et al., Defendants.**

**No. C 95–20012 RMW(PVT).**

United States District Court, N.D. California.

Aug. 12, 1996.

**ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION RENDERING PLAINTIFF'S MOTION TO BIFURCATE MOOT**

WHYTE, District Judge.

Plaintiffs' motions for class certification pursuant to Federal Rule of Civil Procedure 23 and to bifurcate issues at trial were heard on August 2, 1996. The court has read the moving and responding papers and heard the oral argument of counsel. For the reasons set forth below, the court denies plaintiffs' motion for class certification. Because the court has denied plaintiffs' motion for class certification, plaintiffs' motion to bifurcate is moot.

## I. BACKGROUND

Plaintiffs allege in their first amended complaint ("Complaint") that defendants' rental practices during the period January 6, 1992 to January 2, 1995 discriminated against families with children in violation of the federal Fair Housing Act and related state laws. Plaintiffs allege that defendants' use of numerical occupancy restrictions limiting the

number of persons allowed to occupy apartments owned and operated by defendants unfairly discriminated against families with children. Complaint at ¶¶ 20–22. Plaintiffs seek injunctive relief and compensatory and punitive damages. Complaint at p. 28. Plaintiffs seek to certify a class of persons who, during the period January 6, 1992 to January 2, 1995, inquired about the rental of an apartment at one or more of seven complexes owned by defendants and who were deterred or prohibited from applying for housing at those complexes because of defendants' numerical occupancy restrictions. Complaint at ¶ 13. The Holfeld family is the named class representative. Should the plaintiffs prevail on their motion for class certification, they seek to bifurcate the liability, equitable relief and punitive damage issues in the case from the class compensatory damages issue.

Defendants contend that plaintiffs do not satisfy the requirements of Rule 23(a) or 23(b) for class certification and therefore assert that class certification should be denied. Defendants further contend that plaintiffs' request for bifurcation should be moot because a class should not be certified and that, in any event, plaintiffs' proposed division of issues for bifurcation is inappropriate.

## II. LEGAL STANDARDS

The prerequisites to a class action are: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims of defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.Proc. 23(a). Further, to maintain a class action one of three additional criteria must be satisfied: (1) the prosecution of separate actions by class members would create the risk of inconsistent adjudications among the class or be dispositive of the interests of other class members, (2) the party opposing the class has acted or refused to act on grounds gener-

ally applicable to the class, making injunctive relief appropriate, or (3) the court finds that questions of law or fact common to the class predominate over questions affecting individual members. Fed.R.Civ.Proc. 23(b).

Federal Rule of Civil Procedure 42(b) provides that the court "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any separate issues...."

## III. ANALYSIS

During the proposed class period defendants had a policy of restricting the number of occupants in an apartment to one person per bedroom plus one. Thus, three people could occupy a two bedroom apartment and four people could occupy a three bedroom apartment. Plaintiffs assert that this policy discriminated against families. Defendants now have a policy of two persons per bedroom which has been in effect for over one and one-half years. Plaintiffs stated during oral argument that they are not challenging the legality of the current policy. In fact, plaintiffs' counsel stated that the current policy is reasonable and in compliance with HUD regulations. Plaintiffs further stated during oral argument that the policy of two persons per bedroom was the policy they were attempting to get defendants to implement when the previous policy was in effect. In light of the present situation, the primary injunctive relief sought in this action seems no longer necessary.[1] Since the primary injunctive relief sought is no longer necessary, the primary issue remaining is damage to potential class members. The circumstances present in this case, e.g. the seven different complexes, different types of families and different types of inquiries, make damage issues highly individualized.

■ A proposed class must sufficiently describe who is a member and who is not a member. An amorphously defined class should not be certified. *See Berman v. Nar-*

---

1. Plaintiffs assert, however, that their request for injunctive relief is not moot because there is no assurance that the defendants will not revert to the old policy. It appears unlikely that defen-

dants will revert to the prior policy as the current policy has been in existence for almost two years for three bedroom apartments and over three years for two bedroom apartments.

*ragansett Racing Ass'n,* 414 F.2d 311, 317 (1st Cir.1969). The class definition proposed by plaintiffs is overbroad. It could include many different size families. It also could include families who merely heard about the numerical occupancy restrictions and decided not to apply for an apartment but who never visited any complex or called regarding any complex.[2] Further, the number of complexes makes the class definition amorphous because different business justifications may apply to different complexes and would need to be evaluated on a complex by complex basis as applied to each individual family. Thus, it does not appear that common questions of law or fact predominate among members of the class, as defined.[3]

Accordingly, because injunctive relief is moot and common questions do not predominate as to damage issues, the court does not find that the proposed class is certifiable under any of the requirements of Rule 23(b). Therefore, the motion to certify a class as now defined is denied.

## IV. ORDER

Based on the foregoing, the court denies plaintiffs' motion for class certification. The damage claims of the individual families appear to be more appropriately brought in separate actions. Because the court has denied the motion for class certification, plaintiffs' motion to bifurcate issues at trial is moot.

---

**2.** Moreover, it appears that a class action is not certifiable because the "deterrence claims" plaintiffs are asserting are not appropriately determined on a classwide basis. *Arnold v. United Artists Theatre Circuit, Inc.,* 158 F.R.D. 439, 453 (N.D.Cal.1994) ("[C]laims alleging incidents of deterrence are not susceptible to clear, direct proof. As a consequence, 'deterrence' claims raise individual-specific issues....").

**3.** Further, the court questions whether the Holfeld family is an adequate representative of the proposed class because it may be subject to unique defenses in that it appears that the Holfelds may not have been deterred from renting at any complex owned by defendants because of any alleged discriminatory numerical occupancy restriction but for reasons unrelated to any policy of defendants.